UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARK S.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. C20-1507-SKV

ORDER AFFIRMING THE COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of his application for Supplemental Security Income. Having considered the ALJ's decision, the administrative record ("AR"), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

**BACKGROUND**

Plaintiff was born in 1971, has a GED, and has previously worked as a pizza cook and landscaping laborer. AR 96, 113, 395, 403. Plaintiff was last gainfully employed in 2018 as a pizza cook, and this job ended after six months due primarily to transportation problems as well as conflicts with a co-worker. AR 96-101.

In 2014, Plaintiff applied for benefits, alleging disability as of January 1, 2013.[1] AR 355-60. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. AR 171-78, 184-96. The ALJ held hearings in May and July 2016 (AR 42-81), and subsequently issued a decision finding Plaintiff not disabled. AR 147-62.

The Appeals Council granted Plaintiff's request for review, reversed the ALJ's decision, and remanded for further proceedings. AR 169-70. After the ALJ conducted a hearing in April 2020 (AR 82-123), the ALJ issued a decision finding Plaintiff not disabled. AR 15-34.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[2] the ALJ found:

> **Step one**: Plaintiff worked during the adjudicated period, but this work did not constitute substantial gainful activity.
>
> **Step two**: Plaintiff has the following severe impairments: major depressive disorder; posttraumatic stress disorder; and alcohol and polysubstance addiction disorder.
>
> **Step three**: These impairments do not meet or equal the requirements of a listed impairment.[3]
>
> **Residual Functional Capacity ("RFC")**: Plaintiff can perform a full range of work at all exertional levels, but with the following nonexertional limitations: he can perform unskilled, repetitive, routine tasks in two-hour increments. He cannot have contact with the public. He can work in proximity to but not in coordination with co-workers. He can have occasional interaction with supervisors. He is likely to be 10% less productive than the average worker, and absent from work eight times per year.
>
> **Step four**: Plaintiff cannot perform past relevant work.
>
> **Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 15-34.

---

[1] Plaintiff subsequently amended his alleged onset date to June 30, 2014. AR 88.
[2] 20 C.F.R. §§ 404.1520, 416.920.
[3] 20 C.F.R. Part 404, Subpart P, App. 1.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 4.

**LEGAL STANDARDS**

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

//

//

**DISCUSSION**

Plaintiff argues the ALJ erred in assessing certain medical opinions.[4] The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "'clear and convincing'" reasons.[5] *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

Plaintiff raises several challenges to the ALJ's assessment of multiple opinions, each of which the Court will address in turn.

**A. State Agency Consultants**

First, Plaintiff argues that the ALJ erred in assigning partial weight to the opinions of State agency non-examining physicians (AR 125-34, 136-46) because those opinions were rendered years before much of the record was developed and were not based on an examination of Plaintiff. Dkt. 19 at 10. The ALJ explicitly considered the State agency opinions in the context of the entire record, however, and included additional limitations in the RFC based on

---

[4] Plaintiff frames this issue as a step-three error, contending that if the ALJ had credited the disputed medical opinions he would have found Plaintiff disabled at step three. Dkt. 24 at 1-2. Because the existence of the step-three error depends on errors in the ALJ's assessment of the medical opinion evidence, this Order focuses on whether the ALJ erred in assessing the medical opinion evidence. As explained *infra*, the Court finds no harmful error in the ALJ's assessment of the medical opinion evidence, which is fatal to Plaintiff's claim of step-three error.

[5] Because Plaintiff applied for benefits before March 27, 2017, the regulations set forth in 20 C.F.R. § 404.1527 and § 416.927 apply to the ALJ's consideration of medical opinions.

that record. *See* AR 29. Plaintiff has failed to show that the State agency opinions are contradicted by all of the remaining evidence in the record, and thus has failed to show that the ALJ erred in crediting the non-examining opinions to some extent. *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

**B. Country Doctor**

Next, Plaintiff challenges the ALJ's discounting of an April 2020 form opinion provided by an unidentified treating physician from the Country Doctor Community Health Center. *See* AR 1322-25. The ALJ gave little weight to the checkbox portion of the opinion because it was unexplained, and explained that he accounted for the narrative description of Plaintiff's limitations in the RFC assessment. AR 31.

Plaintiff argues that the checkbox format of the opinion cannot be a basis for discounting it because the opinion was informed by years of treatment notes in the record. Dkt. 19 at 11. This argument is somewhat speculative because, as the ALJ found, the identity of the physician who completed the form is illegible and therefore unknown, and it therefore cannot be determined how frequently this individual treated Plaintiff before completing the opinion. And in any event, Plaintiff has not pointed to any particular treatment notes that support the checkbox limitations indicated. *See* Dkt. 19 at 11-12. Plaintiff has not shown that the ALJ erred in discounting the checkbox portion of the opinion as unexplained. *See Molina*, 674 F.3d at 1111.

Furthermore, the ALJ explained that he credited the opinion to the extent that the doctor provided a narrative description of Plaintiff's limitations (AR 1325) and Plaintiff has not shown that the ALJ's RFC assessment fails to account for the limitations described. *Compare* AR 22 *with* AR 1325. Because Plaintiff has failed to demonstrate that the ALJ erred in partially

discounting and partially crediting the Country Doctor opinion, the Court affirms this portion of the ALJ's decision.

**C. Cerise Vablais, Ph.D.**

Dr. Vablais examined Plaintiff in November 2014 and January 2017, and completed opinions at those times as well as in February 2017. *See* AR 539-45, 603-15. The ALJ gave little weight to the 2014 opinion and January 2017 opinion, and partial weight to the February 2017 opinion. AR 29-30. Plaintiff challenges the ALJ's reasons to discount the January and February 2017 opinions. Dkt. 19 at 12-14.

Specifically, Plaintiff argues that the ALJ erred in finding that Dr. Vablais's opinion that Plaintiff was markedly limited in his ability to respond appropriately to usual work situations and to changes in a routine work setting was inconsistent with his daily activities, because claimants should not be penalized for trying to live normal lives despite their limitations. Dkt. 19 at 12-13. The ALJ did not penalize Plaintiff for trying to live a normal life, however: the ALJ identified several activities that are inconsistent with the limitations Dr. Vablais identified. AR 30. The ALJ noted that Plaintiff was able to manage his own hygiene and routine chores, shop for groceries, work on cars, play games and watch television with his daughter, use a computer, drive, work full-time for six months, and work at other odd jobs. *Id*. These activities — particularly the work activities — are reasonably inconsistent with the limitations Dr. Vablais indicated, and this inconsistency is a valid reason to discount Dr. Vablais's opinion. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (affirming an ALJ's rejection of a treating physician's opinion that was inconsistent with the claimant's level of activity).

Although Plaintiff urges the Court to interpret his work as a pizza cook as corroborating the existence of disabling limitations rather than contradicting them (Dkt. 24 at 2-3), Plaintiff

fails to acknowledge that the ALJ's RFC assessment accounts for the deficits Plaintiff demonstrated in that job. Furthermore, as noted by the ALJ, Plaintiff was not fired from this job but quit primarily due to scheduling problems. *See* AR 27-28. Plaintiff has not shown that the ALJ erred in considering his ability to work during the adjudicated period, or that the ALJ erred in finding this ability to work to be inconsistent with opinions describing disabling limitations.

Plaintiff also argues that the ALJ erred in discounting Dr. Vablais's January 2017 opinion as inconsistent with Plaintiff's presentation at appointments. Dkt. 19 at 30. Even if this reasoning is erroneous, the ALJ cited many other reasons to discount the opinion — such as improvement with treatment/compliance, inaccurate IQ scoring, inconsistent mental status examination findings, and comments on issues reserved to the Commissioner — none of which Plaintiff challenges. *See* AR 30. Any error in the challenged reasoning is therefore harmless.

Because Plaintiff has failed to identify a harmful legal error in the ALJ's assessment of Dr. Vablais's opinions, the Court affirms this portion of the ALJ's decision.

**D. Christina Diamonti, Psy.D.; David Mashburn, Ph.D.; and Phyllis Sanchez, Ph.D.**

Dr. Diamonti examined Plaintiff in April 2014 and April 2016 and completed DSHS form opinions on both occasions. AR 476-80, 621-25. Dr. Mashburn examined Plaintiff in January 2019 and completed another DSHS form opinion. AR 626-32. Dr. Sanchez reviewed the opinions of Drs. Diamonti and Mashburn and completed a DSHS review opinion. AR 633-35.

The ALJ gave little weight to the checkbox portions of these opinions, finding those portions to be unexplained and based on one-time examinations with no access to the treatment records. AR 31. The ALJ also found the marked limitations indicated by these providers to be

inconsistent with the many normal findings in the mental status examinations they performed, as well as the longitudinal treatment record and Plaintiff's activities. *Id*.

Plaintiff argues that the ALJ erred in discounting these opinions as based on one-time examinations, because these opinions were based on actual observations. Dkt. 19 at 14. This may be true as to Drs. Diamonti and Mashburn, but the regulations also permit an ALJ to consider the degree to which a provider is familiar with a claimant's entire record, when assessing a medical opinion. *See* 20 C.F.R. §§ 404.1527(c)(6), 416.927(c)(6). Even if the purpose for which Drs. Diamonti and Mashburn examined Plaintiff does not amount to a valid reason to discount their opinions (see Dkt. 19 at 14-15), Plaintiff has not shown that the ALJ erred in considering these providers' lack of access to Plaintiff's longitudinal records or discounting their opinions on this basis.

Plaintiff goes on to argue that the ALJ erred in discounting the opinions of Drs. Diamonti, Mashburn, and Sanchez based on the many normal findings in the mental status examinations because his symptoms wax and wane and thus the ALJ cannot legitimately rely on occasional contradictory findings. Dkt. 19 at 15. Plaintiff has failed to show that the ALJ cherry-picked certain mental status examination findings, however; simply stating that his symptoms wax and wane is not sufficient to show that the ALJ's characterization of the record was inaccurate. *Id*. Given that Plaintiff does not apparently dispute that the many normal findings in the mental status examinations performed by Drs. Diamonti and Mashburn are inconsistent with the marked limitations indicated, and that those psychologists did not have access to any other objective medical evidence, Plaintiff has not shown that the ALJ erred in discounting the opinions as contradicted by the objective medical evidence. *See Thomas*, 278

F.3d at 957 ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.").

Furthermore, the ALJ also referenced Plaintiff's activities (cooking, reading, laundry, watching television, driving, working) as inconsistent with the marked limitations indicated by Drs. Diamonti, Mashburn, and Sanchez. AR 31. Although Plaintiff contends that his limitations in performing these activities corroborates rather than contradicts the medical opinions (Dkt. 19 at 15-16), Plaintiff has not shown that the ALJ erred in, for example, finding his ability to work during the adjudicated period as inconsistent with these opinions, which suggest he could not work. The inconsistency between that work activity and the opinions is a valid reason to discount the opinions. *See Rollins*, 261 F.3d at 856. Furthermore, Plaintiff notes that the ALJ himself acknowledged Plaintiff's limitations as to social interaction and memory (Dkt. 19 at 16 (citing AR 29)), but has not shown that the ALJ's RFC limitations failed to adequately account for those deficits. *See* AR 22 (prohibiting public contact and working in coordination with co-workers; limiting to occasional contact with supervisors; restricting to unskilled, repetitive routine-tasks in two-hour increments).

Because Plaintiff has failed to show harmful error in the ALJ's assessment of the opinions rendered by Drs. Diamonti, Mashburn, and Sanchez, the Court affirms this portion of the ALJ's decision.

//
//
//
//
//

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 20th day of September, 2021.

S. KATE VAUGHAN
United States Magistrate Judge